**Opinion issued November 26, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00547-CV

———————————

**MOHAMMED S. ESMAIL, Appellant**

**V.**

**WESTWARD SQUARE APARTMENTS, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1228439**

---

## MEMORANDUM OPINION

Appellant filed a motion to dismiss his appeal on the ground that the appeal is moot. No response was filed by appellee. We grant the motion and dismiss.

Appellant states that he had vacated the premises and therefore his appeal is moot. "The only issue in a forcible detainer action is the right to actual possession

of the premises." *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). Although a case typically becomes moot when a judgment debtor voluntarily satisfies the judgment, an appellant's action in giving up possession does not moot the appeal as long as appellant "held and asserted a potentially meritorious claim of right to current, actual possession of the apartment." *Id.* at 787. But, if appellant's lease has expired and he "presents no basis for claiming a right to possession after that date," then the issue of possession was moot as of the date of lease expiration. *See id.*

According to appellant's lease in the clerk's record, her lease expired on August 6, 2024. Appellant has not offered any claim for a right to possession after August 6, 2024. Thus, the appeal is moot. *See id.*

We grant appellant's motion and dismiss the appeal. *See* TEX. R. APP. P. 42.1(a); 43.2(f). Any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Guerra.